Decree reversed on the law and facts and a new trial granted, without costs of this appeal to any party. Memorandum: We conclude that the testimony of testator’s son as to the contents of his father’s will made in 1937 was incompetent under section 347 of the Civil Practice Act and that the proponent preserved his objection thereto. Moreover the trial court, in our opinion, enforced too closely the New York rule as to the testimony of lay witnesses as announced in such cases as People v. Pekarz (185 N. Y. 470, 481) and People v. Mill (195 N. Y. 16, 25-26) with the result that the proponent was unnecessarily restricted in his examination of such witnesses. The jury findings of lack of testamentary capacity and undue influence were not supported by such a weight of testimony as to warrant us in concluding that the court’s rulings, in these respects, did not affect the result. In view of our reversal of the entire decree, it is unnecessary to pass upon1 the allowance made by the surrogate to the proponent. With the jury finding that the will was procured through the fraud and undue influence of proponent, as to the propriety of such an allowance, see Matter of Morrison (270 App. Div. 552). All concur. (The decree denies probate to a will. The appeal by contestant is from allowances to the special guardian and attorney for proponent.) Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.